# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY MORROW, JR.,<br><br>    Defendant. | Case No. CR10-0045<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of June, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On June 8, 2010, Defendant Jerry Morrow, Jr. was charged by Indictment (docket number 2) with being a felon in possession of a firearm and transferring a handgun to a juvenile. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on August 9. 2010.

Cedar Rapids Police Officer Bryan Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. On May 28, 2010, a search warrant was executed at Defendant's residence. Authorities found crack cocaine, and Defendant admitted that he was dealing crack cocaine. Defendant expressed a willingness to cooperate with law enforcement authorities, but no cooperating activity was conducted prior to Defendant's subsequent arrest.

On June 6, 2010, Defendant was allegedly called by his father to the scene of a family disturbance. Defendant apparently went to the scene to assist his father, and took

1

a handgun. While at the location, Defendant allegedly threatened two persons with the handgun, who then called police.

Defendant left the scene in a tan Ford Focus. When the car was stopped by officers, a handgun was found in the backseat. The driver told officers that Defendant attempted to hand the gun to her, but she refused. Defendant then handed the gun to a 14-year-old, identified as DH, in the backseat. DH attempted to hide the gun under a television and microwave in the backseat. Defendant admitted that he knew DH was a minor, although he thought DH was 16 years old. Defendant also admitted possessing the handgun.

Defendant is 30 years old, has never been married, and has no children. Prior to his arrest, Defendant was living with his girlfriend in Hiawatha. Defendant's parents and a number of his siblings live in Cedar Rapids.

Defendant attended high school until the 10th grade. For the past four weeks, Defendant has been employed by a roofing company owned by his father and his brother. Defendant has no other formal work history.

Defendant described himself as being in good health, although his parents told the pretrial services officer that he has "problems" with both of his wrists. At the time of hearing, Defendant offered evidence that he had an appointment to be examined by a physician, with an intent to file for social security disability benefits. Defendant told the pretrial services officer that he drinks alcohol occasionally, but it has never been problematic. Defendant denied any history of using illegal controlled substances.

Defendant has a substantial prior criminal record. In December 1995, Defendant was adjudicated delinquent for theft in the first degree and placed at the Iowa Training School for Boys. While at the training school, Defendant was convicted of assault causing bodily injury. Defendant was sentenced to one year in jail, with all but 30 days suspended. Defendant was ordered to serve the unsuspended portion of his sentence after being released from the training school.

Defendant was discharged from the training school on February 27, 1998. However, Defendant did not serve the 30 days previously ordered. While on probation for the assault charge, Defendant was arrested and later convicted of theft in the fifth degree, operating a motor vehicle without the owner's consent, interference with official acts (times 2), possession of a controlled substance, and possession of marijuana. Defendant's probation on the assault charge was revoked and he was ordered to serve 210 days in jail, consecutive to the sentences which he received on the crimes committed while on probation.

In 2000, Defendant was convicted of driving with a suspended license (times 2), operating a motor vehicle while intoxicated, and possession of a controlled substance. Defendant failed to appear for arraignment on the possession charge, and a warrant was issued for his arrest.

On November 26, 2000, while the Defendant was on pretrial release in the OWI charge and after a warrant had been issued for his arrest on the drug charge, Defendant was arrested for robbery in the second degree. After he was released on bond, Defendant was arrested on February 15, 2001 and charged with robbery in the first degree. Defendant eventually pleaded guilty to two counts of robbery in the second degree and was sentenced on April 19, 2001 to an indeterminate prison term not to exceed ten years. While awaiting sentencing, Defendant was also convicted of assault on another inmate at the jail.

On November 25, 2008, Defendant was released from prison and placed on work release. Less than a week later, however, Defendant walked away from the halfway house and was charged with voluntary absence (escape). His work release was revoked and Defendant was sent back to prison. Defendant discharged his prison term and was released from custody on February 17, 2010.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm and transferring a handgun to a juvenile, which are offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v.*

*Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm and transferring a handgun to a juvenile. The weight of the evidence against Defendant is strong. After the vehicle in which Defendant was a passenger was stopped, Defendant admitted that he had been in possession of a handgun, and he admitted that he knew DH was a minor. While Defendant has family ties to this community, he has spent most of the last nine years in prison. Defendant does not have regular employment and, in fact, now claims that he is disabled. Of particular concern to the Court, however, is Defendant's long criminal record. Defendant has numerous convictions for violent behavior, some of which occurred while he was on probation or pretrial release. Defendant has failed to appear for court proceedings and walked away from a halfway house where he had been placed while on parole. Within a few months after his discharge from prison, Defendant admitted that he was dealing crack cocaine and

in possession of a handgun. The combination of drugs and guns constitutes a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 8, 2010) to the filing of this Ruling (June 10, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 10th day of June, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA